OPINION
Roscoe Jackson appeals pro se from an order overruling his "motion `for reconsideration' and new trial," which he filed after the trial court entered summary judgment against him and in favor of The American Lubricants Company (the Company), Jackson's former employer. Jackson sought reconsideration on the basis of Civ.R. 60(B).
What we have accepted from Jackson as his appellate brief is in virtually complete non-compliance with the appellate rules as they pertain to briefs. Jackson advances no assignment of error or legal argument. He makes no reference to the record. Jackson only claims that he has not received the retirement benefits to which he is entitled.
In that the appeal lies only from the order overruling his motion for reconsideration and new trial, we address the propriety of that order. There having been no trial, a motion for new trial did not lie.
Jackson's pro se motion for reconsideration, which was ghost written for him by an attorney who chose not to appear on his behalf, asserted the following Civ.R. 60(B) bases for relief from the summary judgment: mistake, inadvertence — Civ.R. 60(B)(1), and newly discovered evidence — Civ.R. 60(B)(2).
The mistake and inadvertence contentions were primarily directed at the trial court, contending that the trial court didn't understand Jackson's position. These contentions were without merit. Jackson had filed a pro se complaint for declaratory judgment and damages, contending that the Company had not paid him all of the retirement benefits to which he was entitled. After answering, the Company moved for summary judgment, supported by the affidavit of its vice-president, La Vonne Wilcox, and further supported by 4 exhibits, that demonstrated in detail that Jackson had received all of the pension benefits to which he had been entitled. Jackson responded with an unverified statement cast in general terms to the effect that he had not received the pension benefits to which he was entitled. He also attached copies of three documents which supported the Company's position. It is clear from the trial court's decision and order granting summary judgment to the Company that the trial court understood Jackson's position but that the evidentiary materials before it permitted no other result than summary judgment in favor of the Company.
Jackson also claimed he "inadvertently" failed to file an affidavit because as a pro se litigant he was unaware that an affidavit was required. Those who chose to avail themselves of the court system are charged with knowing the procedural rules applicable to the courts that they utilize. This is true regardless of whether the user is represented by counsel or is without counsel. Thus, Jackson's claim of inadvertence directed to his failure to file an affidavit is not a basis for Civ.R. 60(B) relief.
"(N)ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)" is a basis for Civ.R.60(B) relief. Civ.R. 60(B)(2). Assuming that Civ.R. 60(B)(2) applies to this situation, where relief is sought from a summary judgment rather than a judgment following trial, Jackson's motion and memorandum made no effort to explain how its content was "newly discovered evidence" or, if so, why it could not with due diligence been earlier discovered. Indeed, examination of the motion, memorandum, and exhibits strongly suggest that none of it was newly discovered evidence.
Accordingly, the motion for reconsideration and new trial would have been properly overruled for these reasons.
Summary judgment was granted August 16, 1996. Jackson's motion for reconsideration and new trial was overruled July 31, 2000, almost four years later. Rather than immediately overruling Jackson's motion for the reasons we have advanced, the trial court went to extraordinary lengths over a span of almost four years to allow Jackson to demonstrate that he had a legitimate claim. The trial court ultimately concluded that Jackson failed to demonstrate that he had not received all to which he was entitled. Upon our review of the record, we are well satisfied that the trial court was correct.
The order appealed from will be affirmed.
 __________________ WOLFF, P. J.
FAIN, J. and GRADY, J., concur.